Filed 2/19/26  In re Ne.L. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re Ne.L. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN MATEO COUNTY HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br>v.<br>N.L.,<br><br>        Defendant and Appellant. | A172290<br><br>(San Mateo County Super. Ct. Nos. 23-JD-0577, 23-JD-0578, 23-JD-0579) |

This dependency proceeding originated in Santa Cruz County.  After Mother moved to San Mateo County, the Santa Cruz court transferred the case to that jurisdiction.  The San Mateo court immediately transferred the case back to Santa Cruz to allow that county to handle the 12-month review hearing.  Mother appealed, challenging the validity of the San Mateo court transfer order.  Following the review hearing, the Santa Cruz court again transferred the case to San Mateo.  San Mateo accepted the transfer, and there the case has remained.  Accordingly, Mother's appeal is now moot, and we dismiss it.

1

In February 2024, the Santa Cruz County Human Services Department (Santa Cruz Department or Department) filed a fourth amended Welfare and Institutions Code section 300 petition for Ne.L., No.L., and Na.L. Two months later, the Santa Cruz juvenile court sustained the petition in large part and set a six-month review hearing date for September, which was subsequently continued to December.

Before the December hearing, Mother moved to San Mateo County.

At the hearing, the Santa Cruz court conducted the six-month review and also heard a motion to transfer the case to San Mateo. The court ordered six more months of reunification services, set a 12-month review hearing at the end of January 2025, and granted the motion to transfer to San Mateo County.

The transfer-in hearing in San Mateo County was scheduled for January 6. Prior to the hearing date, the San Mateo County Human Services Agency (San Mateo Agency or Agency) filed a motion to transfer the case back to Santa Cruz asserting it was in the best interests of the children for the case to remain in Santa Cruz because of the now fast-approaching 12-month review hearing date. The Agency explained that, assuming the San Mateo court held the 12-month review hearing on the statutory deadline of February 5, 2025, "the FR-12 Court Report and Case Plan would be due to [the] court on January 24, 2025," giving the Agency only 18 days from the date of the transfer-in hearing to assign a social worker, make a recommendation, and create a case plan, which would involve interviewing

---

[1] We grant respondent's request for judicial notice, which Mother does not oppose, of the January 30, 2025, Santa Cruz minute orders; the signed orders authorizing transfer to San Mateo County; and the San Mateo minute orders accepting transfer from Santa Cruz County. (Evid. Code, § 452.)

service providers, the parents, the children, and other interested parties.  The Agency cited to the County Welfare Directors Association Inter-County Transfer Protocol, which stated transferring a case is " 'not appropriate if the next review hearing is less than 90 days' " away.  Although not the law, the protocol "was written for a reason, to serve the best interests of families when transferring cases."  Additionally, there were issues with the inquiry under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) that the Agency asserted should be addressed by the Santa Cruz Department "as it is the entity most knowledgeable with this process."[2]

Mother opposed the motion, pointing out the inter-county protocol was not the law, and there had been approximately 57 days before the 12-month review statutory deadline when the motion was made, giving the Agency approximately a month to make its assessment.  Counsel maintained this should be plenty of time to "prepare for an uncontested 12 month hearing."  Counsel further stated the county could seek a continuance, "which would not be objected to by mother."  Finally, counsel asserted it was in the family's best interest for the case to remain in San Mateo where Mother "can fluidly access services during her time sensitive reunification period."

At the January 6 hearing, the San Mateo court accepted transfer and set the matter for a contested hearing to be held the following week.  At the contested hearing, county counsel reiterated arguments that transfer back to Santa Cruz was in minor's best interest.  All three counsel for the children

---

[2] No.L.'s father also filed a brief requesting transfer back to Santa Cruz County on grounds that there was insufficient "time for the agency to properly assess the family and make recommendations for reunification, continued services or termination of services" and the Santa Cruz Department was "familiar with this family since they have been working with them since July of 2023."

joined with the county, arguing it was in the children's best interest for the case to return to Santa Cruz. No.L.'s father's counsel also agreed, stating "This is a complicated case" and the "proper thing would be to send it back" to the county that "has been working with them for a good 18 months or so."

Mother's counsel acknowledged the inter-agency protocol but reiterated it was only "a recommendation," "not the law." Counsel went on to state Mother felt she "received substandard care, services, attention, and legal standards in Santa Cruz County," and had "been discriminated against and that there has been bias in that county against her." This had "resulted in injury to her" and she believed if the case was transferred back to Santa Cruz "it will cause further injury to her."

The court noted under California Rules of Court, rule 5.612(f), a receiving county must accept a transfer, and where the county disagrees the remedy is to appeal or hold a transfer-out hearing. Pursuant to California Rules of Court, rule 5.610(e)(2), the court shall not transfer the case unless it determines it will protect or further the best interest of the children. In this case, the court stated the "protocols were designed with the big picture of the best interest of the family and the children in mind," and a "timeline was established by the Child Welfare Directors in California indicating that a case would not be recommended for transfer when there is a status review hearing within 90 days from the date the transfer is requested." The court ruled the initial transfer to San Mateo "was not appropriate because the FR12 hearing was within the 90 days from the transfer out." This timeframe "is not arbitrary. It represents the timeframe needed for a family to receive a[n] appropriate assessment, including a safety assessment for the children and an assessment for the recommendation as to whether or not to reunify the children, continue services or terminate services." The court thus

concluded it was in the children's best interest to have Santa Cruz conduct the 12-month review hearing and ordered the case transferred. The court additionally stated that following the review hearing, San Mateo would accept the case back "regardless of ICWA status."

Mother appealed the transfer back to Santa Cruz.

The Santa Cruz court duly held the 12-month review hearing at the end of January 2025 and ordered an additional six months of reunification services. At the hearing, the Santa Cruz Department requested, and the court ordered, that the matter be sent back to San Mateo County and set a hearing date in San Mateo a week later.

At the San Mateo hearing, the court accepted the transfer and set an interim hearing for April, and the 18-month review hearing for June.

As we have observed, the sole relief Mother seeks on appeal is reversal of the San Mateo court's order returning the case to the Santa Cruz court for the 12-month hearing so that the case continues to be handled in the San Mateo court.

"Various events occurring after a notice of appeal is filed can render the appeal 'moot' and thus subject to dismissal on respondent's motion." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2025) ¶ 5:21.) "A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] 'When no effective relief can be granted, an appeal is moot and will be dismissed.' (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315–1316 . . . , citing *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.) " ' " '[T]he duty of this court . . . is to decide actual controversies by a judgment which can be carried

5

into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " [Citation.] . . . "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [respondent], an event occurs which renders it impossible for this court, if it should decide the case in favor of [appellant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." ' " (*In re Jessica K.,* at p. 1316.)

Here, Mother has already obtained the relief she seeks on appeal— namely, having the case returned to the San Mateo court—by virtue of the Santa Cruz court's January 2025 transfer order.

There are situations in which it is appropriate for an appellate court to exercise its discretion to retain a moot appeal—for example, cases in which the issue raised is of broad public interest and likely to recur (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra,* ¶ 5:32 [Discretion to retain such an appeal is likely to be exercised "when the issue is 'presented in the context of a controversy so short-lived as to evade normal appellate review.' "]; *id.,* ¶ 5:33 [cases where "it appears the *same controversy* between the parties is *likely to recur*]; *id.,* ¶ 5:33.1 [cases where "a *material question remains* for the court's determination (such as the right to declaratory relief)].)  None of these exceptions apply here.

Mother nevertheless maintains her appeal should not be dismissed because the transfers assertedly caused her harm due to "the twin effects of easing the administrative burden on the agency at a time when it was required by law to help [her] reunify with her children, and of unnecessarily running the clock on the time allotted to mother by statute to complete that reunification process."  This claim is simply not pertinent to whether her

appeal—which sought only reversal of the transfer order—has become moot. Further, to the extent Mother may be suggesting she has not received reasonable services, this is not the type of error that will "evade review." Indeed, in addition to the instant appeal, Mother has filed a petition for extraordinary writ relief challenging the reasonableness of the services she has been provided.[3]

**DISPOSITION**

The appeal is dismissed as moot.

---

[3] On our own motion, we take judicial notice of case No. A175055. (Evid. Code, §§ 452, 459.)

_____

Banke, Acting P. J.


We concur:


_____

Langhorne Wilson, J.


_____

Smiley, J.


A172290, San Mateo Human Services v. Ne.L.